**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 08-0255-PHX-GMS |
| Plaintiff, | **AMENDED ORDER** |
| vs. | |
| -1 Jeffrey Crandell,<br>-2 Jake David Abegg Whitman,<br>-4 Erin Michelle Leastman,<br>-5 Fredric Charles Crum,<br>-6 Tyson Kent Young, | |
| Defendants. | |

After considering the evidence and argument made at the May 6, 2010 restitution hearing, as well as the subsequent briefing by all parties, the Court enters the following restitution orders for the following reasons:

**1. Jake David Abegg Whitman**

Whitman argues that the losses attributed to him ought to be reduced by the industry default rate, because this amount would fairly reflect the amount of the bank's loss that was caused by market forces that were external to Whitman. For the most part, the Court rejects that argument. It is undeniably true that the large downturn in the market was caused in substantial part by unsound lending practices in the mortgage banking industry. The Court has some sympathy for Mr. Whitman's argument that sufficient diligence on the part of M&I Bank in both its lending practices and perhaps with respect to the individual loan applications

in this case might have forestalled all, or at least some, of the loss caused by Mr. Whitman.

Market forces, however, are the result of the collective actions of individuals. The bank's conduct, even assuming it was insufficient, was not illegal. Mr. Whitman cannot say the same. Honest and/or at least legal behavior by Mr. Whitman would have forestalled any loss whatsoever. Therefore, for the reasons noted by the Ninth Circuit in *United States v. Gordon,* 393 F.3d 1044, 1053 (9th Cir. 2004) Whitman is not entitled to a diminution in his restitution obligation as a result of declining market values of the security he offered for his fraudulent loans.

In his post-hearing memorandum Whitman seeks to offer evidence that the bank was offered and rejected a greater purchase price on two of the properties that served as security for his fraudulent loans than the amount of the bank's credit bid at the time of the deed of trust foreclosure. The Court declines to consider such evidence. The evidentiary hearing was designed to allow all parties the opportunity to present and test the validity of evidence offered by other parties as to the appropriate amount of restitution. Whitman's submission of additional evidence at this late date, evidence that he did not even mention at the evidentiary hearing, provides the victims no opportunity to test or refute such eleventh hour submissions. Therefore the Court declines to consider it.

Further, the Court notes that to the extent that M&I's credit bids on the property, exceeded the fair market value of the properties at the time they were acquired or subsequently sold, M&I has incurred a loss as a result of the actions and the declining market that is not, in the Court's judgment, subject to restitution and works to hold M&I responsible to some extent for its own aggressive lending practices.

The Court, therefore, orders that the Defendant shall pay restitution totaling $1,154,322.60 to the following victims in the following amounts: (1) to Marshall and Isley Bank in the amount of $1,103,532.19; (2) to John Lundin in the amount of $21,236.41; and (3) to Melanie Morris in the amount of $29,554. The whole amount of restitution owed by Defendant to Marshall & Isley Bank shall be paid jointly and severally with Defendant Erin Leastman. $359,643.67 of that amount shall be paid jointly and severally with Defendant

Fredric Crum. The amount of this restitution to Marshall & Isley Bank shall be reduced to the extent of any and all monies recovered by Marshall & Isley Bank in the lawsuit, CV 2009-022407, *Marshall & Isley Bank v. Stewart Title Guarantee Company; Stewart Title & Trust of Phoenix.* The amount of the restitution owed to John Lundin shall be paid jointly and severally with Defendant Erin Leastman and Defendant Jeffrey Crandell. The amount of restitution owed to Melanie Morris shall be paid jointly and severally with Defendant Erin Leastman.

The defendant shall thus pay a total of $1,155,122.60 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $150 over a period of 59 month to commence 30 days after the release from imprisonment to a term of supervised release.

If imprisoned, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The Court hereby waives the imposition of interest and penalties on any unpaid balance.

**2. Jeffrey Crandell**

The Court finds after reviewing the evidence, the briefing and the Mandatory Victims Restitution Act, 18 U.S.C.§3664(f)(1)(A), that Marshall & Isley Bank, Academy Mortgage, Dumar LLC, and John Lundin are all victims of Crandell's conduct. While the separate identity of Dumar LLC wasn't known until the hearing, it was clear at hearing that the amount of loss previously allocated to Academy Mortgage was actually born in part by Academy Mortgage, and in part by Dumar LLC. Academy was affiliated with Dumar and under an obligation to repurchase the bad loans initiated by Crandell. Due to the balances

1   Academy was required to maintain for business purposes, some of the money required to
2 repurchase the bad loans was paid by Dumar. Academy obtained a loan from Marshall &
3 Isley Bank in the amount of $616,000. Dumar also obtained a loan from Marshall & Isley
4 Bank in the amount of $640,000 and contributed an additional $581,835.96 in cash. All of
5 the loan proceeds and all of the cash contributed by Dumar were used to repurchase the five
6 bad loans. When the payments by these victims are credited with the appropriate value of
7 the properties they obtained with the bad loans, Crandell has a restitution obligation to
8 Dumar of $663,560.91 and a restitution obligation to Academy Mortgage of $334,275.05.
9 The Court is not satisfied that the check submitted by Crandell was paid to Lundin for costs
10 incurred here, and seems to substantially predate those costs.

11      Defendant Jeffrey Crandell shall pay restitution totaling $1,455,077.96 to the
12 following victims in the following amounts: (1) to Dumar LLC in the amount of
13 $663,560.91; (2) to Academy Mortgage in the amount of $334,275.05; (3) to Marshall &
14 Isley Bank in the amount of $414,769.18; (4) to John Lundin in the amount of $42,472.82.

15      The amount of restitution owed by Defendant to Marshall & Isley Bank shall be paid
16 jointly and severally with Defendant Erin Leastman. Of that amount $153,769.18 is also
17 jointly and severally to be paid by Jake Whitman. The amount of this restitution to Marshall
18 & Isley Bank shall be reduced to the extent of any and all monies recovered by Marshall &
19 Isley Bank in the lawsuit, CV 2009-022407, *Marshall & Isley Bank v. Stewart Title*
20 *Guarantee Company; Stewart Title & Trust of Phoenix.*

21      The whole amount of Crandell's restitution obligation to both Academy Mortgage and
22 Dumar LLC shall be paid jointly and severally with Defendant Erin Leastman.

23      The whole amount of the restitution owed to John Lundin ($42,472.82) shall be paid
24 jointly and severally with Defendant Erin Leastman. $21,236.41 of the $42,472.82 is also
25 to be paid jointly and severally by Jake Whitman, Erin Leastman and Jeffrey Crandall.

26      The defendant shall pay a total of $1,455,677.96 in criminal monetary penalties, due
27 immediately. Having assessed the defendant's ability to pay, payment of the total criminal
28 monetary penalties are due as follows: Balance is due in equal monthly installments of $150

over a period of 59 month to commence 30 days after the release from imprisonment to a tem of supervised release.

If imprisoned, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The Court hereby waives the imposition of interest and penalties on any unpaid balance.

### 3. Fredric Charles Crum

Fredric Crum stipulates to the amount of restitution sought by Marshall and Isley Bank and by Amanda and Leeman Crandell. The Court, therefore, orders that the Defendant shall pay restitution totaling $365,761.07 to the following victims in the following amounts: (1) to Marshall and Isley Bank in the amount of $359,643.67; and, (2), to Amanda and Leeman Crandell in the amount of $6,117.40.

The amount of restitution owed by Defendant to Marshall & Isley Bank shall be paid jointly and severally with Defendant Erin Leastman and Defendant Jake Whitman. The amount of this restitution to Marshall & Isley Bank shall be reduced to the extent of any and all monies recovered by Marshall & Isley Bank in the lawsuit, CV 2009-022407, *Marshall & Isley Bank v. Stewart Title Guarantee Company; Stewart Title & Trust of Phoenix.*

The defendant shall pay a total of $365,961.07 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $150 over a period of 59 month to commence 30 days after the release from imprisonment to a tem of supervised release.

If imprisoned, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of

Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The Court hereby waives the imposition of interest and penalties on any unpaid balance.

**4. Erin Michelle Leastman**

The Court orders that the Defendant shall pay restitution totaling $2,434,394.97 to the following victims in the following amounts: (1) to Marshall and Isley Bank in the amount of $1,364,532.19; (2) to Dumar LLC in the amount of $663,560.91; (3) to Academy Mortgage in the amount of $334,275.05; (4) to John Lundin in the amount of $42,472.82 and (5) to Melanie Morris in the amount of $29,554.

Of the $1,364,532.19 restitution to be paid to Marshall and Isley Bank by Erin Leastman, $1,103,532.19 of that amount shall be jointly and severally paid by Jake Whitman, $414,769.18 of that amount shall be jointly and severally paid by Defendant Jeff Crandell and, $359,643.67 of that amount shall be jointly and severally paid by Fredric Crum. Up to the whole amount of Leastman's restitution obligation to Marshall & Isley Bank shall be reduced to the extent of any and all monies recovered by Marshall & Isley Bank in the lawsuit, CV 2009-022407, *Marshall & Isley Bank v. Stewart Title Guarantee Company; Stewart Title & Trust of Phoenix.*

The whole amount of Leastman's restitution obligation to both Academy Mortgage and Dumar LLC shall be paid jointly and severally with Defendant Jeff Crandell.

The whole amount of the restitution obligation to John Lundin ($42,472.82) shall be paid jointly and severally with Defendant Jeff Crandell. $21,236.41 of the $42,472.82 restitution obligation is to be paid jointly and severally by Jake Whitman.

The amount of restitution owed to Melanie Morris shall be paid jointly and severally with Defendant Jake Whitman.

The defendant shall pay a total of $2,434,494.97 in criminal monetary penalties, due

immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $150 over a period of 59 month to commence 30 days after the release from imprisonment to a tem of supervised release.

If imprisoned, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The Court hereby waives the imposition of interest and penalties on any unpaid balance.

**5. Tyson Kent Young**

The Court makes no restitution finding pertaining to Tyson Young at this time.

**IT IS SO ORDERED**.

DATED this 21st day of July, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge